```
                                                                    1
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
 2                       ALEXANDRIA DIVISION

 3   ------------------------------x
                                    :
 4   UNITED STATES OF AMERICA       :
                                    :
 5              versus              : Criminal Action Number
                                    :
 6   ROBIN DOROTHY DUCORE           : 1:18-CR-68
                                    :
 7              Defendant.          :
     ------------------------------x
 8
                                       February 16, 2018
 9
              The above-entitled Arraignment Hearing was
10   continued before the Honorable T.S. Ellis, III, United States
     District Judge.
11
              THIS TRANSCRIPT REPRESENTS THE PRODUCT
12            OF AN OFFICIAL REPORTER, ENGAGED BY THE
              COURT, WHO HAS PERSONALLY CERTIFIED THAT
13            IT REPRESENTS TESTIMONY AND PROCEEDINGS OF
              THE CASE AS RECORDED.
```

1                        A P P E A R A N C E S

2    FOR THE PLAINTIFF:

3             RAIZZA TY, ESQ.
              US Attorney's Office
4             2100 Jamieson Avenue
              Alexandria, VA 22314
5
     FOR THE DEFENDANT:
6
              STACEY ROSE HARRIS, ESQ.
7             DiMuroGinsberg PC
              1101 King Street
8             Suite 610
              Alexandria, VA 22314-2956
9

...

19        OFFICIAL UNITED STATES COURT REPORTER:
20
              MS. TONIA M. HARRIS, RPR
21            United States District Court
              Eastern District of Virginia
22            401 Courthouse Square
              Ninth Floor
23            Alexandria, VA 22314
              703-646-1438
24

25

3

1 **P R O C E E D I N G S**

2

3     THE DEPUTY CLERK:  United States versus Robin
4 Dorothy Ducore.  Criminal Case Number 1:18-CR-68.
5     MS. TY:  Good morning, Your Honor.  Raizza Ty on
6 behalf of the United States.
7     THE COURT:  All right.  And for the defendant.
8     MS. HARRIS:  Good morning, Your Honor.  Stacey Rose
9 Harris for Ms. Ducore.  I'll be working with Nina Ginsberg on
10 this case and Ms. Ducore is present here today.
11     THE COURT:  All right.  Good morning to you,
12 Ms. Ducore.
13     THE DEFENDANT:  Good morning.
14     THE COURT:  You may be seated.
15     All right.  This matter is before the Court for an
16 arraignment.
17     Ms. Ducore, have you had adequate opportunity to
18 review the indictment with your counsel?
19     THE DEFENDANT:  I have.
20     THE COURT:  And are you fully satisfied with the
21 advice and counsel that's been provided to you in this case?
22     THE DEFENDANT:  I am.
23     THE COURT:  You may be seated.
24     Now I note that counsel noted here is Ms. Ginsberg.
25 Is she not counsel?

4

1         MS. HARRIS:  She is, Your Honor.  I will be working
2  with her.  She was away at a conference today.
3         THE COURT:  All right.
4         MS. HARRIS:  And I have entered my appearance for
5  the record as well, Your Honor.
6         THE COURT:  All right.
7         What is the speedy trial date in this matter?
8         MS. HARRIS:  Your Honor, I believe it is April 27th.
9  And we have discussed with opposing counsel the possibility of
10 going outside of the speedy trial date.
11        My client would like to waive her speedy trial
12 rights in order to allow us to have additional time for
13 discovery.
14        THE COURT:  I'm not going to do that.  This is a
15 simple matter for goodness sakes.  This is not some
16 complicated document, heavy case.  It's a fairly simple matter
17 and the Speedy Trial Act contemplates that courts will comply
18 with it.  Particularly in cases of this sort.
19        So I'm going to set the matter for the 3rd of April
20 at 10 a.m. with a jury.  I assume she wants to plead not
21 guilty and request a jury trial.  Is that correct?
22        MS. HARRIS:  She does.  She waives reading, enters a
23 plea of not guilty and does request a trial by jury.
24        And, Your Honor, if I may just add that in this case
25 it's not quite that simple.  This is a specific intent crime.

1  And there are going to be witnesses -- every witness is
2  outside of the Commonwealth. Ms. Ducore is from New Jersey.
3  And this incident happened in the Dominican Republic. One of
4  our key witnesses is going to be the driver who took her to
5  the airport in the Dominican Republic. We are going to need
6  to try to get a Visa for him to be able to come here. If not,
7  we're going to need to seek leave for a Rule 15 deposition.
8  There are passengers on the plane who we believe may be
9  relevant witnesses.
10             As I said, specific intent is essential to this
11 crime. And we believe that testimony of these passengers,
12 whose identity we still have to ascertain, could be critical.
13 All of them are outside of the Commonwealth, we believe, since
14 the plane was headed to New York. How other passengers viewed
15 Ms. Ducore's actions could affect this issue, because one
16 element of the interference claim is an intent to intimidate
17 or harass. And whether -- how other passengers viewed the
18 flight crews response to her actions as well as her actions
19 are going to be critical to our case. And we do need the time
20 for discovery. We hope to agree on these issues and to be
21 able to ascertain the identity of the passengers, but counsel
22 for the Government has agreed to go outside the limit if Your
23 Honor would be amenable.
24             THE COURT: What's the Government's position?
25             MS. TY: Your Honor, we have discussed this at

6

1  length with the defense counsel.  The Government's position is
2  that the case is not complex.  However, we did not have an
3  objection to their waiver of speedy trial.
4          And we also have -- take no position on --
5          THE COURT:  They don't have -- it's not a
6  defendant's right.  It's the public's right.
7          MS. TY:  Understood, Your Honor.
8          THE COURT:  It's the public's right.
9          MS. HARRIS:  I don't disagree with that, Your Honor.
10         THE COURT:  Well, I'm glad because it's -- I'm
11 correct.  And so the -- the fact that the defendant waives it,
12 is not adequate.  The fact that the Government waives it, is
13 not adequate.  It is the public's right to have a speedy
14 trial.  But I take your point that you think that you need to
15 explore what these witnesses say.
16         How many witnesses do you anticipate presenting on
17 behalf of the Government?
18         MS. TY:  Your Honor, we've discussed a number of
19 witnesses.  I believe at least three from -- who were
20 passengers from the plane as well as the flight crew who were
21 affected by the incident, as well as a case agent.  I believe
22 from the Government's standpoint the trial would not take any
23 longer than two days.  But counsel for the defendant had
24 indicated that it would need --
25         THE COURT:  Well, you say that she assaulted and

1  intimidated the flight attendants and flight crew, so I assume
2  that the flight attendants and the flight crew would be
3  witnesses.
4              MS. TY:  Yes, Your Honor.
5              THE COURT:  And how many people is that?
6              MS. TY:  Well, the -- approximately we have
7  identified at least four of, I believe, passengers who were
8  interviewed --
9              THE COURT:  I asked you how many people constitute
10 the group of flight attendants and flight crew.
11             MS. TY:  Your Honor, at this point I don't have the
12 exact number.  However, we believe that the trial would take
13 no more than two days from the Government's standpoint.  We've
14 also discussed with the defense counsel that we would be
15 providing them with all the witness statements that were taken
16 following the flight and we would be providing that package to
17 them by next week.
18             THE COURT:  Let me see if I have --
19             MS. HARRIS:  Your Honor, we would like to request at
20 least three days.  And while we will look forward to receiving
21 the witness statements, we believe that an entire passenger
22 list may be necessary to try to speak with other people who
23 may not have given a statement but who may have observed
24 Ms. Ducore's or the flight attendants behavior during the
25 flight.

8

1   THE COURT:  You're going to have to move with
2 alacrity.
3   MS. HARRIS:  We will, Your Honor.
4   THE COURT:  I'll set the case for May 15th, 10 a.m.
5 with a jury.  Motions will be due on April the 20th and
6 responses will be due on April the 30th.  And a hearing, if
7 necessary, will be scheduled for May 11th at 10 -- at 9 a.m.
8   Is there a discovery order?
9   MS. TY:  Yes, Your Honor.
10   THE COURT:  Hand that to the court security officer,
11 please.
12   MS. TY:  Thank you.
13   THE COURT:  Anything else to accomplish in this
14 matter today?
15   MS. TY:  No, Your Honor.
16   THE COURT:  But as long as you have said that your
17 client waives her right to a speedy trial, you may submit the
18 appropriate waiver, documentation as to that.  The Court's
19 order will reflect that it's in the interest of justice in
20 order to allow the defendant an adequate opportunity to
21 prepare.
22   Do you think you need to interview every person on
23 the airplane?  I'm not persuaded about that, but you've got
24 some time and you better get about doing it.
25   MS. HARRIS:  Thank you, Your Honor.  We appreciate

9

1 that.
2           THE COURT:  All right.  I will enter the discovery
3 order.
4           Anything else in this matter today?
5           MS. HARRIS:  Nothing further from us, Your Honor.
6           MS. TY:  Nothing from the Government, Your Honor.

           **(Proceedings adjourned at 9:36 a.m.)**

CERTIFICATE OF REPORTER

I, Tonia Harris, an Official Court Reporter for the Eastern District of Virginia, do hereby certify that I reported by machine shorthand, in my official capacity, the proceedings had and testimony adduced upon the Arraignment Hearing in the case of the **UNITED STATES OF AMERICA versus ROBIN DOROTHY DUCORE**, Criminal Action Number 1:18-CR-68, in said court on the 16th day of February, 2018.

I further certify that the foregoing 10 pages constitute the official transcript of said proceedings, as taken from my machine shorthand notes, my computer realtime display, together with the backup tape recording of said proceedings to the best of my ability.

In witness whereof, I have hereto subscribed my name, this the March 22, 2018.

_____
Tonia M. Harris, RPR
Official Court Reporter