**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | **Criminal No. 1:18-CR-68** |
| **ROBIN DOROTHY DUCORE,** ) | |
| **Defendant.** ) | |

**ORDER**

At issue in this criminal prosecution arising out of an incident on a JetBlue flight in July 2017 is defendant's motion to compel the government, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose to the defense certain allegedly exculpatory material obtained by the government in the course of its investigation. Specifically, defendant seeks to compel production of the following information from the government:

> (i) Telephone numbers for the witnesses whose names and statements have already been provided by the government, and
>
> (ii) An unredacted passenger manifest containing the names and telephone numbers of other passengers who were seated in first class with defendant but who were not interviewed by the government,

In the course of the hearing on the motion held on Friday April 6, 2018, defendant's motion to compel production of alleged *Brady* material was denied for the reasons stated from the bench. This Order records that ruling and further elucidates the reasoning behind it.

**I.**

On February 7, 2018, defendant Robin Ducore was indicted by the grand jury on one count of interference with flight crew members and attendants in violation of 49 U.S.C. § 46504.[1] *See United States v. Ducore*, No. 1:18-cr-68 (E.D. Va. Feb. 7, 2018) (Indictment).

---

[1] 49 U.S.C. § 46504 provides in relevant part:

The indictment alleges that on July 29, 2017, on JetBlue Flight 1528 flying from the Dominican Republic to New York City, defendant assaulted a flight attendant, disregarded flight attendant instructions, directed aggressive and abusive language towards the flight crew and fellow passengers, and engaged in other inappropriate behavior. Ultimately, as a result of defendant's actions, Flight 1528 was diverted from New York, its original destination, to Washington Dulles International Airport.

Relevant to the present motion, defendant was seated in seat 3A on Flight 1528. The first six rows of the aircraft comprised first class seating, and the government obtained a partial manifest from JetBlue containing a list of the names and phone numbers of all passengers in the first six rows. Defendant does not know how many persons were seated in first class during the flight. The government provided defendant with the names, but not the contact information, for the lead flight attendant, the pilot, and the five passengers who were interviewed by the government in its investigation of defendant's case. The government also provided defendant with copies of all the witness statements. The government did not produce the names of any other individuals seated in first class. Defendant alleges that the unnamed passengers were eyewitnesses to the events at issue, and that these passengers therefore may possess exculpatory information material to a defense.

## II.

It is well settled that *Brady* requires the government to disclose to a defendant in a criminal prosecution all "evidence . . . material either to guilt or to punishment." *Brady*, 373

---

An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both.

U.S. at 87; *see also Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (extending *Brady* to include impeachment evidence). This obligation is rooted not in the federal discovery rules, but rather in the Due Process Clause of the Fifth Amendment. *See United States v. Agurs*, 427 U.S. 97, 107 (1976). The defendant's constitutional right to a fair trial entitles him or her to disclosure of exculpatory and impeachment evidence. *See Smith v. Secretary of N.M. Dep't of Corrections*, 50 F.3d 801, 823 (10th Cir. 1995). It is important to note, however, that the requirements of *Brady* extend only to evidence that is material and "not available to the defendant from other sources." *See United States v. Bagley*, 473 U.S. 667, 677 (1985); *United States v. Wilson*, 901 F.2d 378, 380 (4th Cir. 1990).[2] And in this regard, evidence is material only if there is a reasonable probability that, were the evidence disclosed to the defense, the result of the proceedings would be different. *See Bagley*, 473 U.S. at 682. Moreover, the government's duty to disclose this evidence encompasses not only material that is in the possession of the prosecutor, but also evidence that is "known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).[3]

---

[2] The government argues that defendant's motion is not ripe because defendant has not sought to use "compulsory process" on JetBlue to compel the disclosure of passenger and other information. *See* Gov't Memorandum at 5. Presumably, the government is arguing that defendant should seek issuance of a subpoena of JetBlue to provide that information. The government's argument misunderstands Brady's requirements; there is no "ripeness" requirement for *Brady* claims. Instead, courts have uniformly held that a *Brady* violation does not occur where the "evidence in question is available to the defendant from other sources, either directly or via investigation by a reasonable defendant." *United States v. Bros. Constr. Co.*, 219 F.3d 300, 316 (4th Cir. 2000); *see also United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990) ("where exculpatory information is not available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the *Brady* doctrine."). Whether defendant could obtain the information she seeks by other means is irrelevant because there is no basis for concluding that it is either exculpatory or impeachment evidence.

[3] *See also United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (holding that the disclosure obligation under *Brady* turns on "the extent to which the prosecutor has knowledge of and access to the documents sought."); *United States v. Capers*, 61 F.3d 1100, 1103 (4th Cir. 1995) (holding that a defendant must show the government actually possessed or knew of the relevant evidence), *cert denied*, 517 U.S. 1211 (1996); *United States v. Sutton*, 542 F.2d 1239, 1241 n. 2 (4th Cir. 1976) (imputing F.B.I. agent's knowledge to federal prosecutor for *Brady* purposes).

Settled Supreme Court precedent has established a further important limitation to the government's *Brady* duty. Defendants cannot compel prosecutors to seek out exculpatory or impeachment evidence the government does not possess, and as the Fourth Circuit has made clear, "*Brady* requests cannot be used as discovery devices" to obtain evidence the defendant believes would be helpful. *United States v. Caro*, 597 F.3d 608 (4th Cir. 2010); *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.").

These principles, applied here, compel the conclusion that *Brady* does not mandate government disclosure of the information sought by defendant in the instant motion – the names and telephone numbers of other passengers seated in first class and the telephone numbers of government witnesses. In essence, defendant's request is a discovery request, not a request for *Brady* material. Nonetheless, defendant frames her request in *Brady* terms, arguing that the other passengers in first class *might* produce statements that are exculpatory or statements that *might* impeach the government's flight attendant witnesses. But this argument fails at the threshold, as the Fourth Circuit has held that where, as here, a defendant can only speculate as to what the requested information might reveal" she "cannot satisfy *Brady*'s requirement of showing the requested evidence would be favorable to the accused." *Caro*, 597 F.3d at 615. *See also United States v. Lobo-Lopez*, 468 Fed. Appx. 186, 188-89 (4th Cir. 2012) ("[A]lthough . . . knowledge of an eyewitness's identity may constitute *Brady* material . . . we have also ruled that *Brady* does not require disclosure of such information on the remote possibility that it would . . . help the defense.") (internal quotations and citations omitted). And of course, defendant here can only speculate as to the content of the statements of other witnesses on the flight; she has no evidence that the witnesses she seeks to have the government identify would provide any exculpatory

information or impeachment evidence. As such, her *Brady* request fails before it can even get off the ground; defendant cannot show that the information she seeks would be "favorable to the accused" as required by *Brady*.

Furthermore, with respect to the flight attendants, pilot, and passengers whose names and statements have already been given to defendant, the government has already produced the statements and names of the witnesses. Defendant now seeks to compel the government to produce contact information for these witnesses so that defendant can pursue an independent investigation. Defendant believes that these witnesses may have other information, not reflected in their statements to the government, which may be helpful to the defense either because the statements would show that defendant did not intend to intimidate the flight crew[4] or because their statements would impeach the statements of the flight attendant witnesses. Again, defendant does not *know* that additional statements from the witnesses the government has already interviewed would be favorable, and *Brady* does not impose an obligation on the government to turn over telephone numbers or other contact information for its witnesses. *Cf. Lobo-Lopez*, 468 Fed. Appx. at 188-89 (holding that *Brady* does not require the government to turn over witness names on the remote possibility that witnesses might make exculpatory statements). As explained above, *Brady* is not a discovery device to be used by a defendant to obtain helpful or relevant information. *See Bursey*, 429 U.S. at 559. Although witness telephone numbers would certainly be helpful to defendant in her attempts to conduct an investigation of

---

[4] The parties spill considerable ink on the question whether 49 U.S.C. § 46504 is a general intent or specific intent crime with respect to actions "intimidating a flight crew member." Defendant argues that the Supreme Court's decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015), which held that a defendant must subjectively intend a threat to be guilty under the federal threats statute, mandates the conclusion that § 46504 is a specific intent crime, and therefore evidence related to defendant's intent to intimidate the flight crew is relevant because the government must show that defendant subjectively intended to intimidate the flight crew. The government disagrees, citing pre-*Elonis* precedent holding that § 46504 is a general intent crime. Ultimately, it is unnecessary to reach or decide this issue at this stage because the result of this issue is not material to the resolution of the *Brady* issue.

the government's witnesses, *Brady* does not require the government to produce the telephone numbers to defendant.[5]

Accordingly, for the reasons stated above, and for good cause shown,

It is hereby **ORDERED** that defendant's motion to compel the production of *Brady* material is **DENIED** (Doc. 25).

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
April 10, 2018

/s/
_____
T. S. Ellis, III
United States District Judge

---

[5] Although there is no pending Rule 16, Fed. R. Crim. P., motion by the defense seeking to compel production of either the passenger manifest or the telephone numbers of the government's witnesses, it is appropriate for the government to provide contact information for the flight crew and persons who gave statements to the government. *See, e.g., United States v. Cavallaro*, 553 F.2d 300 (2d Cir. 1977) ("The address of a government witness is generally a proper subject of defense inquiry and may be necessary for in-and-out-of-court investigation of a witness."). Of course, these persons are not required to speak to defense counsel and may decline to do so if they wish.