**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | **Criminal No. 1:18-CR-68** |
| **ROBIN DOROTHY DUCORE,** ) | |
|     **Defendant.** ) | |

## MEMORANDUM OPINION

On February 7, 2018, defendant Robin Ducore was indicted by the grand jury in the Eastern District of Virginia on one count of interference with flight crew members and attendants, in violation of 49 U.S.C. § 46504. *See United States v. Ducore*, No. 1:18-cr-68 (E.D. Va. Feb. 7, 2018) (Indictment). The indictment arises out of an incident that occurred on a JetBlue flight traveling from the Dominican Republic to New York City, New York in July 2017. At issue, pretrial, is the parties' dispute over whether the crime defined in § 46504 requires the government to prove specific intent – that defendant had the specific intent to intimidate the flight crew – or whether the crime defined in § 46504 is a general intent crime requiring only that the government prove that defendant's acts were voluntary and intentional.

The matter has been fully briefed, and because oral argument would not aid in the decisional process, the issue is now ripe for disposition.

**I.**

The indictment alleges that on July 29, 2017, on JetBlue Flight 1528 flying from the Dominican Republic to New York City, defendant assaulted a flight attendant, disregarded flight attendant instructions, directed aggressive and abusive language towards the flight crew and fellow passengers, and engaged in other inappropriate behavior. Ultimately, as a result of

1

defendant's actions, Flight 1528 was diverted from New York, its original destination, to Washington Dulles International Airport.

**II.**

The parties dispute whether § 46504 defines a crime that requires specific intent or general intent with respect to the intimidation element. General intent crimes require only that the act be done "voluntarily and intentionally, and not because of mistake or accident." *United States v. Blair*, 54 F.3d 639, 642 (10th Cir. 1995). Thus, if § 46504 requires only general intent, then the government need not prove that defendant specifically intended to intimidate flight crew members. By contrast, specific intent crimes require that a defendant act "not only with knowledge of what he is doing, but [also] with the objective of completing some unlawful act." *Id.* Accordingly, if § 46504 is a specific intent crime, then the government must prove, beyond a reasonable doubt, that defendant specifically intended to intimidate flight crew members.

The parties' dispute presents a question of statutory interpretation, and accordingly, analysis properly begins with the text of the statute at issue which provides in pertinent part as follows:

> [a]n individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both.

49 U.S.C. § 46504. On its face and by its plain terms, § 46504 does not require the government to prove specific intent with respect to the assault or intimidation elements of the offense.[1] This

---

[1] In *United States v. Gilady*, 62 Fed. App'x. 481 (4th Cir. 2003) (unpublished), the Fourth Circuit held that a conviction under § 46504 required proof of the following elements:

> (i) that defendant interfered with or lessened the ability of the flight attendants to perform their duties on the flight.

2

is important, as it is well-settled that "[i]n the absence of an explicit statement that a crime requires specific intent, courts [] hold that only general intent is needed." *United States v. Lewis*, 780 F.2d 1140, 1142–43 (4th Cir. 1986).[2] This presumption, paired with the plain language of the statute, points convincingly to the conclusion that § 46504 requires only general intent with respect to each of its elements; § 46504 is not a specific intent offense.

This interpretation of § 46504 comports not only with the statute's plain text, but also serves to promote the statute's purpose of ensuring air travel safety. The Ninth Circuit, in interpreting § 46504's essentially identical predecessor statute,[3] made clear that the general intent requirement serves the statute's underlying purpose:

> [T]he goal which Congress sought in this provision of the statute was to deter the commission of crimes which, if committed on the terrain below, might be considered relatively minor, but when perpetrated on an aircraft in flight would endanger the lives of many. The primary danger to be averted is not the formation of a specific intent to interfere with aircraft operations but the criminal act of an assault [or] intimidation ... upon airline personnel during flight.

*United States v. Meeker*, 527 F.2d 12, 14 (9th Cir. 1975) (internal citations omitted). More recently, the Tenth Circuit has confirmed that "a general intent interpretation of § 46504 best achieves the statute's legislative purpose of protecting air travel safety." *Lynch*, 881 F.3d at 816.

---

    (ii) by assaulting or intimidating the flight attendant s or crew members

[2] *See also United States v. Lynch*, 881 F.3d 812, 815 (10th Cir. 2018) ("Where specific intent is not required, criminal statutes are usually read to require only that a defendant know the facts that make his conduct illegal.") (quotation and citation omitted); *United States v. Berrios-Centeno*, 250 F.3d 294, 298 (6th Cir. 2001) ("[O]ur circuit's jurisprudence indicates that general intent is the default mental standard."); *United States v. Francis*, 164 F.3d 120, 120 (2d Cir. 1999) ("Absent any express reference to intent, we would generally presume that proof only of 'general' rather than 'specific' intent is required").

[3] Section 46504's predecessor, 49 U.S.C. § 1472(j), prohibited assaulting, intimidating, or threatening any crew member or flight attendant "so as to interfere with the performance by such member or attendant of his duties or lessen the ability of such member or attendant to perform his duties." As the Tenth and Eleventh Circuits have both explained, "there is no indication of any congressional intent to change the meaning of the statutory language as it relates to th[e] issue [of intent]." *United States v. Grossman*, 131 F.3d 1449, 1451-52 (11th Cir. 1997); *Lynch*, 881 F.3d at 816 n. 1; *see also* H.R. Rep. No. 103–180, at 5 (1993) ("[T]his bill makes no substantive change in the law.").

Here, as in *Meeker* and *Lynch*, a general intent interpretation of § 46504 best advances the statutory purpose of protecting air travel safety by criminalizing acts of assault or intimidation perpetrated against members of a flight crew which might interfere with the flight crew's performance of their duties, irrespective of whether the perpetrator is shown to have specific intent to interfere with the operation of the flight or intimidate the crew.

Nor are *Meeker* and *Lynch* isolated examples of this principle; significantly, all other courts that have addressed § 46504 and its predecessor statute, have held that § 46504 is a general intent crime. In 2003, the Fourth Circuit held that § 46504 "does not require specific intent." *United States v. Persing*, 318 Fed. App'x. 152, 154 (4th Cir. 2008). More recently, in 2008, in a second per curiam opinion, the Fourth Circuit quoted *Meeker*, noting that "[i]n order to prove intimidation within the meaning of § 46504, 'it is sufficient that the conduct and words of the accused would place an ordinary, reasonable person in fear.'" *United States v. Gilady*, 62 Fed. App'x 481, 483 (4th Cir. 2003) (quoting *United States v. Meeker*, 527 F.2d 12, 15 (9th Cir. 1975). Nor is the Fourth Circuit singular in reaching this conclusion; the Fifth, Ninth, Tenth, and Eleventh circuits have also concluded that § 46504 requires general intent, not specific intent. *See, e.g.*, *United States v. Petras*, 879 F.3d 155 (5th Cir. 2018).[4] The unanimity with which courts have concluded that § 46504 is a general intent crime further bolsters that conclusion here.

Defendant, seeking to avoid this conclusion, argues that the Supreme Court's decision in *Elonis v. United States*, __ U.S. __ (2015), compels a reading of § 46504 that requires the government to prove that defendant had a specific intent to intimidate the flight crew. This

---

[4] *See also United States v. Meeker*, 527 F.2d 12, 14 (9th Cir. 1975) ("We therefore construe [§ 46504's predecessor statute] as a general intent crime, in harmony with the statutory purpose of safeguarding flight personnel from any statutorily described acts which would interfere with their efficient functioning."); *United States v. Lynch*, 881 F.3d 812, 817 (10th Cir. 2018) ("we conclude that § 46504 is a general intent statute"); *United States v. Grossman*, 131 F.3d 1449, 1452 (11th Cir. 1997) (Section 46504 "defines a general intent crime").

argument is unpersuasive; *Elonis* is distinguishable as it does not involve § 46504, but instead addresses the federal threats statute, 18 U.S.C. § 875(c). The Supreme Court in *Elonis* concluded that that the federal threats statute requires a showing that a defendant either intends to issue a threat or knows that others will view a communication as a threat. *Id.* at 2011. Defendant argues, unpersuasively, that *Elonis* changes the legal landscape surrounding § 46504, and requires the government to prove that defendant specifically intended to intimidate flight crew members. Ultimately, the *Elonis* decision does not compel such a result because significant differences between the statutes require different conclusions with respect to their intent requirements.

Defendant first argues that applying a general intent standard to the intimidation element of § 46504 would – similar to the reading of the threats statute pre-*Elonis* – allow defendant to be convicted for non-criminal actions which were objectively intimidating. That argument is simply incorrect; a general intent reading of § 46504 still requires that a defendant's intimidating behavior be severe enough to interfere with the flight crew, and such conduct cannot reasonably be claimed to be inadvertent, innocent, or non-culpable. As the Tenth Circuit explained in *Lynch*, "[i]f a passenger's behavior is intimidating enough to prevent an attendant or crew member from fully performing his or her duties as usual, this moves beyond normal aircraft protocol and undermines the safety of everyone on the aircraft." 881 F.3d at 817. And even if intimidating conduct is the kind of conduct "which, if committed on the terrain below, might be considered relatively minor[,]" intimidating conduct sufficient to interfere with the duties of a flight crew could "endanger the lives of many." *Meeker*, 527 F.2d at 14.

*Elonis* is also inapposite here because, § 46504, as distinct from the threats statute in *Elonis*, does not just criminalize intimidation; it criminalizes intimidation that "interferes with

the performance of" the flight crew's duties. Thus, there is no risk of criminalizing innocent conduct, such as angry or offensive statements made to the flight crew, where those statements do not both amount to intimidation *and* interfere with flight crew duties. Intimidating conduct sufficient to interfere with the duties of a flight crew is clearly not the kind of "non-culpable" conduct that the Supreme Court was concerned about criminalizing in *Elonis*.

Moreover, to accept defendant's argument that specific intent is required for the intimidation and interference elements of § 46504, but not with the assault element, impermissibly imports different mens rea requirements to different means of committing the same crime without any basis in the text of the statute for concluding that Congress intended such a result. *See Lynch*, 881 F.3d at 817 (requiring specific intent to intimidate "would create a cumbersome interpretation of the statute in which a different mens rea applied to separate means of committing the same crime without any textual support that Congress intended such a division."). Particularly where, as here, reading in an additional mens rea requirement would undermine Congress's purpose of promoting airline safety, *see Hicks*, 980 F.2d at 971,[5] there is little reason to accept defendant's invitation to imply an additional mens rea requirement with respect to intimidation element of the statute.[6]

---

[5] *See also Lynch*, 881 F.3d at 817 ("The offending passenger should not be able to avoid culpability for this dangerous behavior by simply arguing that he or she did not intend to intimidate the flight crew or attendants. Yet, a specific intent reading of the intimidation element would do just that.").

[6] Fundamentally, defendant seeks to rewrite § 46504 to include a specific intent requirement. Whatever merits there may or may not be to defendant's proposed amendment to § 46504, it is the role of Congress, not the courts, to amend statutes. To be sure, where a statute is amenable to two readings, one of which raises constitutional concerns, that fact may be a reason for a court to infer that Congress intended the constitutional reading. *See, e.g.*, *Clark v. Martinez*, 543 U.S. 371, 381-82 (2005) (explaining that the canon of constitutional avoidance "is a tool for choosing between competing plausible interpretations of a statutory text, resting on the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts. . . . The canon is thus a means of *giving effect to congressional intent*, not of subverting it.") (emphasis added). But where, as here, there is no ambiguity in the statute, there is no reason for courts to intervene and rewrite the statute to add a specific intent requirement to a statute that does not contain one.

Defendant next argues that treating § 46504 as a general intent crime would violate the holding of *Virginia v. Black*, 538 U.S. 343 (2003). According to defendant, *Black* held that only conduct intended to be threatening or intimidating is criminally punishable under the First Amendment. Specifically, defendant points to the Supreme Court's statement in in *Black* that "[i]ntimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." *Id.* at 360.

Defendant's reading of *Black* is unpersuasive. *Black* held that cross-burning, by itself, could not be used as prima facie evidence of a defendant's intent to intimidate. *Id.* at 1540. *Black* did not hold that crimes including an intimidation element must be read to require specific intent to intimidate. The discussion of intimidation in *Black* referred to the intent to intimidate requirement in the Virginia statute at issue, not to intimidation generally. Courts that have been called upon to decide whether *Black* altered the requirements for intimidation in § 46504 have uniformly held that *Black* had no effect on the intent requirement. *See Petras*, 879 F.3d at 155 ("although *Black* discussed "intimidation" as it was defined in that statute, it did not mandate that all statutes with "intimidation" be interpreted accordingly."). Indeed, in the context of § 46504, a statute designed to "ensur[e] safety in air travel, a delicate environment . . . it makes sense [] to view 'intimidation' differently" than it was viewed in the context of the cross-burning statute in *Black*. *Petras*, 879 F.3d at 155 n. 13. Ultimately, the *Black* case is inapposite and does not alter the conclusion that § 46504 requires a showing of general, rather than specific, intent to intimidate.

Defendant's other arguments merit little discussion. Defendant argues that the severe penalty imposed by § 46504 – up to twenty years imprisonment – compels the conclusion that

7

specific intent is required, but general intent crimes often have severe penalties.[7] Defendant also attempts to invoke the rule of lenity, arguing that if the language of § 46504 is susceptible to any ambiguity with respect to the intent to intimidate, then the statute must be read in favor of defendant. Here, however, there is no ambiguity or uncertainty as to the meaning of the statute, and therefore no basis or need calling for the application of the rule of lenity. *Burgess v. United States*, 553 U.S. 124, 135 (2008) (the rule of lenity "applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute") (quoting *United States v. Shabani*, 513 U.S. 10, 17 (1994)). In sum, none of defendant's arguments alter the conclusion that § 46504's plain language and clear statutory purpose requires a showing only of general intent, not specific intent, with respect to the intimidation element.

Accordingly, for all the foregoing reasons, defendant's Motion to Establish the Law of the Case with Regard to Specific Intent must be denied.

An appropriate Order will issue.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia
May 7, 2018

---

[7] Second-degree murder, for example, is a general intent crime which carries up to a life sentence. *See United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000) ("Second-degree murder . . . is a general intent crime"); 18 U.S.C. § 111(b) ("Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.").

8